IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Armard Lowery

**Plaintiff,**

**v.**

William Burse
in his individual capacity;
John and Jane Does 1-10, in
their individual capacities

**Defendants.**

CIVIL ACTION FILE NO.

COMPLAINT FOR
VIOLATIONS OF THE EIGHT
AND FOURTEENTH
AMENDMENTS TO THE
UNITED STATES
CONSTITUTION;
42 U.S.C. § 1983;

DEMAND FOR JURY TRIAL

## COMPLAINT FOR DAMAGES

Plaintiff Armard Lowery (hereinafter "Mr. Lowery or Plaintiff")
hereby brings this Complaint for violation of Civil Rights pursuant to 42 USC
Section 1983 against the named Defendants William Burse, Designee to the
Commissioner and Defendants, John and Jane Does 1-10, were directly involved in
the violation of Plaintiff's constitutional rights. (hereinafter the "Individual
Defendants") and alleges as follows:

Mr. Lowery was an inmate in the custody of the GDC. While under the supervision of the GDC, Defendants acted with deliberate indifference or gross incompetency in calculating Mr. Lowery's release date from the GDC.

As a result of the deliberate, willful and reckless disregard to Mr. Lowery constitutional rights by Defendant, Mr. Lowery was wrongfully incarcerated in the GDC for an additional one and nineteen (119) days passed his release date.

## JURISDICTION AND VENUE

### 1.

This action arises under the United States Constitution and the Civil Rights Act pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution, wherein Plaintiff seeks to redress deprivations by Defendant. Jurisdiction of this court is invoked under 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions.

### 2.

At all times mentioned herein, Defendant were acting under color of state law, or rights secured to Plaintiff by the Eighth Amendment to the United States Constitution and the laws of the United States.

PARTIES

3.

Plaintiff, Armard Lowery is a citizen of the State of Georgia.

4.

Defendant, William Burse at all time relevant, served as the Georgia Department of Correction Commissioner's Designee.

5.

Defendants, John and Jane Doe 1-10, served employees at the Georgia Department of Correction, were directly involved in the violation of Plaintiff's constitutional rights. John and Jane Does 1-10 identities are unknown at this time. They are sued in their individual capacities.

FACTUAL ALLEGATIONS

6.

On November 5, 2013, Plaintiff Armard Lowery, was sentenced to prison for five (5) years, to serve three (3) years incarcerated ("The 1st Case"). Mr. Lowery was to begin probation on July 31, 2017.

7.

On February 16, 2016, Mr. Lowery was charged with possession of prohibited items by an inmate (SU-16-CR-637), while an inmate of Muscogee County Prison ("The 2nd Case"). The conduct in the "2nd case" was committed while Mr. Lowery was serving an active sentence in Muscogee County Prison.

8.

On May 24, 2016, Mr. Lowery was charged with fleeing or attempting to elude a police officer/ escape from Muscogee County Prison (SU-17-CR-281), while an inmate of Muscogee County Prison ("The 3rd Case").

9.

On September 13, 2016, Mr. Lowery was transferred and confined to Muscogee County Jail (hereinafter, "MCJ"), in order to attend court for his 2nd case.

10.

While confined in MCJ, Mr. Lowery accumulated a total of one hundred-ninety-seven (197) days jail credit towards his 2nd case. However, Mr. Lowery never appeared before a judge before being transported back to Muscogee County Prison on March 28, 2017.

11.

On June 13, 2017, Mr. Lowery was transferred back to MCJ. While confined in MCJ, Mr. Lowery accumulated a total of sixteen (16) days jail credit.

12.

On June 22, 2017, Mr. Lowery appeared before Muscogee County Superior Court Judge Arthur L. Smith, III to plead guilty to case numbers (SU16CR637/SU17CR281). Mr. Lowery was sentenced on the "2nd Case" to 12 months and was sentenced on the "3rd Case" to 12 months.  The sentences for the 2nd and 3rd cases, were to run concurrent to each other, but consecutive to the 1st case.

13.

Additionally, Mr. Lowery was to receive jail credit for two hundred-thirteen days (213) for on his 2nd case and a total of sixteen (16) days jail credit for his 3rd case.

14.

After completing his three (3) year term on July 31, 2017, Mr. Lowery was confined to Muscogee County Prison and subsequently to Dooley County Prison, where he collectively spent one hundred nineteen (119) days incarcerated.

15.

On July 14, 2017, Mr. Lowery filed a grievance to Caleb Mclaren, Chief Counselor (hereinafter "Mr. Mclaren"), at Dooly State Prison to determine whether GDC had properly credited his time served toward his sentencing in case 2 and case and to ensure his maximum release date was correct. (See Exhibit A).

16.

On or about July 20, 2017, Mr. Lowery was provided a computation report. The computation report depicted that Mr. lowery maximum release date was November 26, 2018. (See Exhibit B).

17.

In response, Mr. Lowery filed another grievance to Mr. Mclaren challenging his maximum release date of November 26, 2018 as set by GDC. (See Exhibit C).

18.

On or about October 4, 2017, Mr. Lowery was notified by Defendant Burse that his computation of time had been reviewed and was correct. Thus, his grievance was denied. (See Exhibit D). Subsequently, on October 11, 2017, Mr. Lowery wrote to Defendant Burse directly explaining the discrepancy in his computation of time. (See Exhibit E).

19.

Specifically, in his October 11, 2017 letter to Defendant Burse, Mr. Lowery provided his plea/sentencing transcript to Defendant Burse so that he could read and confirm the sentence rendered by Muscogee County Superior Court Judge Arthur L. Smith, III.  (See Exhibit F).

20.

The plea/sentencing transcript clearly states that Mr. Lowery was sentenced on the "2nd Case" to 12 months and was sentenced on the "3rd Case" to 12 months. The sentences for the 2nd and 3rd cases, were to run concurrent to each other, but consecutive to the 1st case. (See Exhibit F).

21.

Notably, on February 16, 2018, Mr. Lowery filed a Writ of Mandamus in the Superior Court of Fulton County. In his Writ, Mr. Lowery asked the court to order GDC to recalculate his credit for time served on case 2 and 3 and to change his maximum release date. However, Mr. Lowery was released from GDC custody before his Writ was adjudicated rendering his Writ moot.

22.

During his time of incarceration after July 31, 2017, Mr. Lowery wrongly imprisoned beyond his maximum sentence date of July 30, 2018.  Mr. Lowery made numerous verbal and formal written pleas to GDC officials to correct his maximum

release date, but the GDC officials refuse to do so. Mr. Lowery presented information to Defendant Burse that reasonably raises the issue that his maximum release date was incorrect; however, Defendant Burse remained indifferent to Mr. Lowery's plea and constitutional right.

23.

Notably, during Mr. Lowery over incarceration, he was physically assaulted by another inmate at the Dooley State Prison. He suffered significant physical injuries as a result of the assault.

24.

Consequently, as a result of the Defendant Burse's willful and deliberate indifference of Mr. Lowery 's constitutional rights, Mr. Lowey was wrongfully incarcerated for an additional One Hundred and Nineteen (119) days.

25.

Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his over detention within the GDC.

26.

Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
## EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT

27.

Plaintiff hereby incorporates and realleges paragraph 1 through 26 of this complaint as though fully set forth hereto.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

28.

Plaintiff in this action is a citizen of the United States and all of the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

29.

All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as officers/employees/appointees for the GDC and their acts or omissions were conducted within the scope of their official duties or employment.

30.

At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Eight Amendment from cruel and unusual punishment not to be imprisonment beyond the expiration of his sentence.

31.

Defendants actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The acts or omissions of Defendants were moving forces behind Plaintiff's injuries. Defendants are not entitled to qualified immunity for their actions.

32.

As a proximate result of Defendants unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be

determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

33.

On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

34.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
## DUE PROCESS, GUARANTEED BY THE 14TH AMENDMENT

### 35.

Plaintiff hereby incorporates and realleges paragraph 1 through 26 of this complaint as though fully set forth hereto.

### 36.

Detention of a prisoner beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process under the 14thAmendment.

### 37.

Mr. Lowery filed a grievance challenging his maximum release date of November 26, 2018 as set by GDC.

### 38.

On or about October 4, 2017, Mr. Lowery was notified by Defendant Burse that his computation of time had been reviewed and was correct. Thus, his grievance was denied. Subsequently, on October 11, 2017, Mr. Lowery wrote to Defendant Burse directly explaining the discrepancy in his computation of time.

39.

Specifically, in his October 11, 2017 letter to Defendant Burse, Mr. Lowery provided his plea/sentencing transcript to Defendant Burse so that he could read and confirm the sentence rendered by Muscogee County Superior Court Judge Arthur L. Smith, III.

40.

The plea/sentencing transcript clearly states that Mr. Lowery was sentenced on the "2nd Case" to 12 months and was sentenced on the "3rd Case" to 12 months. The sentences for the 2nd and 3rd cases, were to run concurrent to each other, but consecutive to the 1st case.

PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A.  compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determine by Jury.

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D.  punitive damages on all claims allowed by law against individual

Defendants and in an amount to be determine by Jury.

E. attorneys' fees and the costs associated with this action under 42 U.S.C.

§ 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G.  any further relief that this court deems just and proper, and any other

appropriate relief a law and equity.

PLAINTIFF REQUESTS A TRIAL BY JURY


This November 24, 2020.

Respectfully submitted,


**DANIELS & JAMES, LLC**

/s/ Harry M. Daniels
Harry M. Daniels
Georgia Bar No. 234158


233 Peachtree Street NE,
Suite 1200
Atlanta, GA 30303
Telephone: (678) 664-8529
Fax: (800) 867-5248
Email: daniels@danielsjameslaw.com

# Exhibit A

**RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL**

OFFENDER'S NAME: _Avelard Loweny_          I.D. #: _850 437_

I ACKNOWLEDGE RECEIPT OF GRIEVANCE FORM FROM THE ABOVE OFFENDER.

DATE: _7 / 14 / 17_          COUNSELOR'S SIGNATURE: _M'Claimu_

PI-2001 (REV.10/01/98)

RETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance coordinator's office.

Exhibit B





# GEORGIA DEPARTMENT OF CORRECTIONS

## SENTENCE COMPUTATION REPORT
7/20/17 11:52 AM

Nathan Deal
Governor

Gregory C. Dozier
Commissioner

Computation Reason : **GRIEVANCE REVIEW**

Computation Comments : Grievance No.247159: Reviewed Docket#: 2014R-0296, Docket SU16CR637 and Docket SU17CR281; no changes made wb

| | | | | |
|---|---|---|---|---|
| Name: | Lowery, Armard Rashad | GDC#: | 850437 | Case Number#: 798048 |

Alias: Lowery, Amdro Rosharo; Summorour, Antonio ; Lkowery, Armand ; Lowery, Armand Reshard; Lowery, Armand ; Lowery, Armard R; Lowery, Armard Rashad; Lowery, Armard Rashard; Lowery, Armard ; Lowery, Armond Rashad; Johnson, Rico

Previous Case Number(s): 798048, 388650, 638361

| | | | | | |
|---|---|---|---|---|---|
| Race: | BLACK | Sex: | M | DOB: | 12/24/1975 |
| Sex Offender: | N/A | | | SSN#: | 260290150 |
| FBI#: | 883617XA6 | SID#: | 2185042P | Assigned Location: | DOOLY STATE PRISON |
| Current Security: | MEDIUM | Education Level: | 12 | | |

| | | | | |
|---|---|---|---|---|
| Tentative Parole Date: | Parole Ineligible | Actual Parole date: | | Maximum Release Date: 11/26/2018 |

### Boot Camp
No Boot Camp decisions have been made for this offender.    *were did they come f- ... :*

| Docket#: SU16CR637 | | County : MUSCOGEE COUNTY | Docket Status : INMATE | |
|---|---|---|---|---|
| Sentence date : | 06/22/2017 | Sentence Start Date: | 11/28/2016 | MRD: 11/27/2017 |
| Probation Start Date: | 11/28/2017 | Sentence End Date: | 11/27/2021 | Special Considerations: NONE |
| Judge: | SMITH, ARTHUR L | District Attorney: | MICHEAL MORRILL | Consecutive To: |
| SB 440 : | N | SB 441 : | N | |

| Count :1 | POSS WPN DRUGS BY PRISNR - FELONY | | Consecutive To : |
|---|---|---|---|
| Sentence Run Type: | GUILTY - SENTENCE | Crime Committed date: | 02/16/2016 |
| Sentence Length : | 5 Years, 0 Months, 0 Days | Serv Time: | 0 Years, 12 Months, 0 Days |
| Comments: | ACTUAL OFFENSE: POSSESSION OF PROHIBITED ITEMS BY INMATES, CELL PHONE | | |

#### Sentence Adjustments

| Reason | From | To | Plus or Minus | Total Days | Deleted |
|---|---|---|---|---|---|
| JAIL CREDIT | 06/13/2017 | 06/21/2017 | MINUS | 9 | NO |
| JAIL CREDIT | 09/13/2016 | 03/28/2017 | MINUS | 197 | NO |

#### Revocations
No Revocations found for this Docket.

| Docket#: SU17CR281 | | County : MUSCOGEE COUNTY | Docket Status : | |
|---|---|---|---|---|
| Sentence date : | 06/22/2017 | Sentence Start Date: | 11/27/2017 | MRD: 11/26/2018 |
| Probation Start Date: | 11/27/2018 | Sentence End Date: | 11/26/2022 | Special Considerations: NONE |
| Judge: | SMITH, ARTHUR L | District Attorney: | MICHEAL MORRILL | Consecutive To: SU16CR637 |
| SB 440 : | N | SB 441 : | N | |

Exhibit C

-----------

### RECEIPT FOR GRIEVANCE AT COUNSELOR'S LEVEL

INMATE'S NAME: _Lowry, Armod_   I.D.# _850437_

I ACKNOWLEDGE RECEIPT OF GRIEVANCE APPEAL NUMBER _247159_ FROM THE ABOVE INMATE.

DATE: _8 / 8 / 17_   COUNSELOR'S SIGNATURE: _M Garin_

PI-2001 (REV. 10/01/98

RETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance Coordinator's office.

# Exhibit D

DSP
J-1-
203-B



**Georgia Department of Corrections**
**Office of Professional Standards**
P.O. Box 1529
Forsyth, Georgia  31029

ATTACHMENT 9
SOP IIB05-0001

Nathan Deal

Governor

Gregory C. Dozier

Commissioner

## <u>CENTRAL OFFICE APPEAL RESPONSE</u>

**Offender's Name:  Armard Lowery**

**GDC#:  850437**

**Grievance Number: 247159**

**Facility: Dooly State Prison**

A member of my staff has reviewed your grievance. You allege that your MRD is incorrect. This review revealed that according to information obtained from the Sentence Computation Unit, Docket SU16CR637 and Docket SU17CR281 have been reviewed and found to be correct. Although you were sentenced to serve 12 months, you were sentenced on felony charges and unless the Order stated that the time is to be served in the county jail, the sentence should be served in the State Penal System. Docket 2014R-0296 has been reviewed and found to be correct. You have received all of the jail credit that you are entitled to receive, per the Affidavit of Custodian. Based on this information, this grievance is denied.

_William Burse_
**Commissioner's Designee**

_10-4-17_
(date)

**I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:**

_____
**Offender's signature**

_____
(date)

Exhibit E

Oct 11, 2017

To: William Burse

I'm writting to you in regards to my case's and situation. My name is Armard R. Lowery #850437 J-1-203 Bottom, Case's SU16CR637 an SU17CR281.

I've Just Max out on my old Sentence on 7-30-2017( Case# 2014R-0296 ). I went back to court on 6-22-2017 for cases SU16CR637 an SU17CR281 and took a 5year (serve 12 months). The Plea I took for the two cases on to be concurrent with each other. But you all sent me a sentence computation sheet for a 6 month sentence. You all have the two case's running consecutive with each other. My Final Disposition on Page 4 and Transcript Pages 19, 24 saids the two case's on to be concurrent with each other.

I'm asking for your help in this situation because I've got out documents that state other wise.

Respectfully,

Armard R. Lowery, Esq.

Exhibit F

1                   ·IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
                              STATE OF GEORGIA
2

3       STATE OF GEORGIA,        ) CASE NO. SU-16-CR-637
              vs.                )
4       ARMARD RASHARD LOWERY,    ) GUILTY PLEA
                   Defendant. )

5

6       STATE OF GEORGIA,        ) CASE NO. SU-17-CR-0281
              vs.                )
7       ARMARD RASHARD LOWERY     ) GUILTY PLEAS
        and EUGENE LEWIS STEELE, )
8                   Defendants.  )

9

10            Hearing in the above cause came to be heard on the

11      22nd day of June, 2017, before the HONORABLE ARTHUR L.

12      SMITH, III, Judge of the above-styled court, at the 7th

13      Floor of the Government Center, in Columbus, Muscogee

14      County, Georgia.

15                          APPEARANCES OF COUNSEL

16      FOR THE STATE:
17      Ms. Kimberly Schwartz
        Assistant District Attorney
18      Chattahoochee Judicial Circuit

19      FOR DEFENDANT LOWERY:          FOR DEFENDANT STEELE:
        Ms. Susan Henderson            Mr. Robert Wadkins, Jr.
20      Conflict Public Defender       Conflict Public Defender
                      Chattahoochee Judicial Circuit
21

22                        PEGGY A. LITTLE, RPR
                         OFFICIAL COURT REPORTER
23                   CHATTAHOOCHEE JUDICIAL CIRCUIT
                          POST OFFICE BOX 1340
24                       COLUMBUS, GEORGIA  31902
                          plittle@columbusga.org
25                          (706) 225-4197

                                                              1

```
 1              IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
                       STATE OF GEORGIA
 2
     STATE OF GEORGIA,        ) CASE NO. SU-16-CR-637
 3        vs.                 )
     ARMARD RASHARD LOWERY,    ) GUILTY PLEA
 4            Defendant. )
 5
     STATE OF GEORGIA,        ) CASE NO. SU-17-CR-0281
 6        vs.                 )
     ARMARD RASHARD LOWERY    ) GUILTY PLEAS
 7   and EUGENE LEWIS STEELE, )
             Defendants. )
 8
 9
              Hearing in the above cause came to be heard on the
10
     22nd day of June, 2017, before the HONORABLE ARTHUR L.
11
     SMITH, III, Judge of the above-styled court, at the 7th
12
     Floor of the Government Center, in Columbus, Muscogee
13
     County, Georgia.
14
15
                    APPEARANCES OF COUNSEL
16
     FOR THE STATE:
17   Ms. Kimberly Schwartz
     Assistant District Attorney
18   Chattahoochee Judicial Circuit

19   FOR DEFENDANT LOWERY:        FOR DEFENDANT STEELE:
     Ms. Susan Henderson          Mr. Robert Wadkins, Jr.
20   Conflict Public Defender     Conflict Public Defender
                 Chattahoochee Judicial Circuit
21
22               PEGGY A. LITTLE, RPR
                 OFFICIAL COURT REPORTER
23           CHATTAHOOCHEE JUDICIAL CIRCUIT
                  POST OFFICE BOX 1340
24              COLUMBUS, GEORGIA  31902
                  plittle@columbusga.org
25                  (706) 225-4197
```

1

1                       P R O C E E D I N G S:

2            MR. LAMBERTUS:  Number Two, Armard Lowery.

3            MS. HENDERSON:  Your Honor, he's on the jail bench.

4       We had him ex-parted back.  I don't know who's handling

5       the case for Mr. Morrill, but I'd like to speak with

6       someone.  If it's Ms. Schwartz, that would be wonderful,

7       see if we can work something out and try to do that this

8       morning.

9            MS. SCHWARTZ:  Judge, I do have this case.  I was

10      under the impression that Mr. Lowery was not back, but

11      since he is, we will talk and see what we can do.

12            THE COURT:  All right.  Thank you.

13                  (Proceedings held later the same day.)

14            MR. LAMBERTUS:  Number Nine, Eugene Steele.

15            MR. WADKINS:  Your Honor, we're speaking with that.

16      That might turn into a plea today, if he could be

17      advised.

18            THE COURT:  All right.  Thank you.

19                  (Proceedings held later the same day.)

20                  MASS ADVISEMENT OF RIGHTS

21            THE COURT:  All right.  The following individuals,

22      if you're seated in the courtroom to my left, stand

23      where you are.  If you're in the courtroom behind the

24      rail, come forward at this time to be advised of your

25      rights.

 1           Dantrell Frazier.

 2           MS. HENDERSON:  He's coming forward, Your Honor.

 3           THE COURT:  Okay.  Keyshawn Jones.  Tristan Dowdell.

 4    Eugene Steele.  Porshia Hollis.

 5           MS. HENDERSON:  Your Honor, can we also ask

 6    Mr. Lowery to stand up on the jail bench in the event

 7    that we're able to work that out today?

 8           THE COURT:  What is his full name?

 9           MS. HENDERSON:  It's Armard Lowery; Number Two on

10    the motions docket.

11           THE COURT:  All right.  Good morning.

12           As best you can, raise your right hand and take an

13    oath to tell the truth.

14      KEYSHAWN JONES, TRISTAN DOWDELL, EUGENE STEELE,

15             PORSHIA HOLLIS and ARMARD LOWERY,

16           having been duly sworn, testified under oath as

17    follows:

18           THE COURT:  Okay.  Thank you.  Put your hand down.

19           I understand that each of you have indicated an

20    interest in entering a guilty plea.  This is not the

21    guilty plea.  This is the advisement of rights portion

22    of a guilty plea, but being advised of your rights does

23    not obligate you to enter a guilty plea.

24           I've got a series of questions for you and these

25    proceedings are being taken down by the court reporter

1   and she has a hard time taking down a nod of the head or

2   a shake of the head, so answer these questions out loud,

3   if you would, please.

4        Everyone understand that?

5        THE DEFENDANTS:  (indicating affirmatively)

6        THE COURT:  Okay.  Good.  Is everyone among you a

7   citizen of the United States?

8        THE DEFENDANTS:  (indicating affirmatively)

9        THE COURT:  Okay.  Do you each understand that you

10   have the right to plead not guilty and demand a jury

11   trial in which case the State of Georgia must prove each

12   element of each offense with which you're charged beyond

13   a reasonable doubt; do you understand that?

14        THE DEFENDANTS:  (indicating affirmatively)

15        THE COURT:  If you plead not guilty, the

16   Constitution guarantees you, among other possible

17   rights, the following:  The right to a public and speedy

18   trial by jury, the presumption of innocence, the right

19   to confront and question the witnesses against you, the

20   right to subpoena any witnesses or evidence in your

21   favor, and the Court would compel the attendance of

22   witnesses so subpoenaed or the production of evidence so

23   subpoenaed; do you understand that right?

24        THE DEFENDANTS:  (indicating affirmatively)

25        THE COURT:  Do you understand that you would have

4

1    the right to the assistance of an attorney during such a

2    trial?  And if you could not afford the services of an

3    attorney, one would be provided to you at no cost to

4    you; do you understand that right?

5         THE DEFENDANTS:  (indicating affirmatively)

6         THE COURT:  Do you understand that you would have

7    the right to testify and to offer evidence, but you

8    would also have the important right not to incriminate

9    yourself; in other words, you would personally decide

10   whether you would testify during such a trial and if you

11   decided not to testify, no one could mention that in

12   front of a jury or hold that against you in any way.  Do

13   you understand?

14        THE DEFENDANTS:  (indicating affirmatively)

15        THE COURT:  Do you understand that if you plead not

16   guilty, or simply remain silent, the Court would enter a

17   not guilty plea for you and you would secure a jury

18   trial with all the rights that I've just outlined for

19   you; do you understand that?

20        THE DEFENDANTS:  (indicating affirmatively)

21        THE COURT:  And, finally, do you understand that if

22   you plead guilty, as I understand you may do this

23   morning, you will be giving up or waiving those rights;

24   do you understand that?

25        THE DEFENDANTS:  (indicating affirmatively)

5

```
1              THE COURT:  Thank you.
2              Gentlemen, have a seat.
3          If y'all will go back and have a seat in the
4      courtroom, we'll call you up one at a time.
5                   END OF MASS ADVISEMENT OF RIGHTS
6                   (Proceedings held later the same day.)
7              THE COURT:  All right.  Well, let's have a case
8      presented.
9              MS. SCHWARTZ:  All right.
10             THE COURT:  We have Mr. Lowery?
11             MS. HENDERSON:  Correct, Your Honor.
12             THE COURT:  Mr. Lowery, you were -- you were in
13     court and advised of your rights; is that correct?
14             DEFENDANT LOWERY:  Yes, sir.
15             THE COURT:  And we have --
16             MS. SCHWARTZ:  Mr. Steele.
17             THE COURT:  Mr. Eugene Steele.
18             MR. WADKINS:  Yes, sir.
19             THE COURT:  And you were also in court and advised;
20     is that correct?
21             DEFENDANT STEELE:  Yes, sir.
22             THE COURT:  Okay.  All right.  Gentlemen, you were
23     both asked to raise your right hand and take an oath.
24     Did you do that?
25             DEFENDANT STEELE:  Yes, sir.
```

1        DEFENDANT LOWERY:  Yes, sir.

2        THE COURT:  You're still under oath.  I'll have

3    questions for you as we go along and I want to count on

4    you to answer truthfully; can I do that?

5        DEFENDANT STEELE:  Yes, sir.

6        THE COURT:  All right.  Mr. Lowery, can I do that?

7        DEFENDANT LOWERY:  Yes, sir.

8        THE COURT:  Okay.  All right.  Whenever you're

9    ready, Ms. Schwartz.

10        MS. SCHWARTZ:  Your Honor, we have actually two

11    cases before the Court today.  I'm going to do them in

12    reverse chronological order.

13        The first one is SU-17-CR-281.  And in this case

14    Mr. Armard Rashard Lowery is charged, along with Eugene

15    Lewis Steele and some other codefendants with a variety

16    of charges.  I am only going to read the counts that

17    apply to these particular defendants.

18        Count Four charges Armard Rashard Lowery with the

19    offense of escape on or about 24 May 2016.  The charge

20    is that he did then and there, having been convicted of

21    fleeing or attempting to elude a police officer, a

22    felony, intentionally escape from Muscogee County

23    Prison, a place of lawful confinement.

24        Count Five charges Mr. Lowery with criminal

25    solicitation in that the said accused did, on or about

1     24 May 2016, with the intent that another person engage

2     in conduct constituting a felony, solicit Tapley Maddox

3     to commit the felony offense of giving inmates articles

4     or items without consent of warden.

5         And then in the same indictment, Judge, Mr. Steele

6     is charged singly in Count Seven with the offense of

7     escape on or about 24 May 2016.  The charge is that he

8     did then and there, having been convicted of possession

9     of methamphetamine, intentionally escape from Muscogee

10    County Prison.

11        The factual basis here, Judge, Mr. Steele and

12    Mr. Lowery were both, obviously, serving as inmates

13    serving felony sentences in the Muscogee County Prison.

14    They had been taken out on a work detail by a

15    corrections officer who was not, to put it lightly,

16    doing his job very well, and basically allowed these

17    folks to just walk off from the work detail.

18        And I -- I believe I'm understanding from the file

19    that this happened actually probably on more than one

20    occasion.  On one occasion some inmates went up to a

21    woman's house.  Apparently she smokes on her front

22    porch.  She had an ashtray out there.  They were

23    scrounging for cigarettes butts.  She came outside.

24    They asked her for cigarettes and on that day she gave

25    them cigarettes just hoping they would go away.

1          On the second day, then, when they came back, which
2    I believe is the dates charged here in this indictment,
3    she did call and report this matter.  And, of course,
4    the whole thing unraveled where it was discovered that
5    the guard was not keeping a good eye on these folks.
6          So they did leave the spot where they were supposed
7    to be working and Mr. Lowery did, in fact, talk to
8    Ms. Maddox and ask her for cigarettes.
9          But Mr. Lowery's plea, as to this case, is that he
10   is pleading guilty only to the escape and we are
11   nol-prossing the criminal solicitation.  His recommended
12   sentence, Judge, is 12 months confinement followed by
13   four years on probation; or five, serve 12 months.  And
14   this being a felony sentence, this is 12 months with the
15   Department of Corrections, not 12 months in jail, and
16   other terms and conditions as outlined here in the plea
17   agreement.
18         Judge, I would like to put on the record that it
19   appears that the clerk's office, and I'm just going by
20   what's on the calendar, has the charge in Count Five,
21   the one that's being nol-prossed, as criminal
22   solicitation to commit burglary.  And I just wanted to
23   make it very clear it was not criminal solicitation to
24   commit burglary.  It was criminal solicitation to -- he
25   was soliciting Ms. Maddox to give him cigarettes, which

1   of course is a felony.  So there was no burglary

2   involved and I wanted to make that very clear.

3       Also, there seems to be some confusion in

4   Mr. Lowery's criminal history as to exactly how his

5   first name is spelled.  And so with the Court's

6   permission, at some point during the proceedings today,

7   we would like for him to confirm on the record whether

8   his first name is spelled A-r-m-a-r-d or A-m-a-n-d or in

9   some other way that I haven't outlined here.

10      THE COURT:  Okay.  Let's do that right now.

11      How do you spell your name?

12      DEFENDANT LOWERY:  A-r-m-a-r-d.  My middle --

13      THE COURT:  Is that what's on --

14      I'm sorry.

15      DEFENDANT LOWERY:  They also have my middle name

16  wrong.

17      THE COURT:  What's your middle name?

18      DEFENDANT LOWERY:  R-a-s-h-a-r-d.  And last name is

19  Lowery, L-o-w-e-r-y.

20      THE COURT:  What's your date of birth?

21      DEFENDANT LOWERY:  12-24-75.

22      THE COURT:  And where were you born?

23      DEFENDANT LOWERY:  I was born in Atlanta, Georgia.

24      THE COURT:  All right.  I think that takes care of

25  that.

1       MS. SCHWARTZ:  Okay.  We'll just -- we'll just make

2    sure our records are correct.  It is spelled variously

3    on various documents, so.

4       THE COURT:  All right.  Well, go ahead with your

5    presentation.

6       MS. SCHWARTZ:  Yes, sir.

7       Now, I think that covers --

8       Oh, so, on Mr. Steele's matter, Your Honor, on

9    SU-17-281, he is likewise entering a plea of guilty to

10   the offense of escape with a recommended sentence of 12

11   months confinement followed by four years on probation;

12   or five, serve 12 months, in the Department of

13   Corrections.

14      And there are terms and conditions that he has

15   agreed to as well, and I think all those documents have

16   been signed.  So we'll hand those up to the Court for

17   the conditions of probation.

18      Now, in addition, Judge, Mr. Lowery had another case

19   that actually predated this one, 281, and this case was

20   SU-16-CR-637.  In this case Mr. Lowery is charged with

21   possession of prohibited items by an inmate in that he

22   did on or about 16 February 2016, while an inmate of

23   Muscogee County Prison, unlawfully possess a

24   telecommunications device, that being a cell phone,

25   without the authorization of the warden.

                                                           11

1          He has likewise agreed to enter a plea of guilty to

2     that offense, Judge, for a sentence of 12 months

3     confinement followed by four years on probation; or

4     five, serve 12 months, with special conditions as

5     outlined in the plea agreement.

6          THE COURT:  All right.  Thank you.

7          Mr. Lowery and Mr. Steele, you both heard the

8     recitation of facts by the district attorney's office.

9     Did you hear and understand what was being said?

10          DEFENDANT STEELE:  Yes, sir.

11          DEFENDANT LOWERY:  Yes, sir.

12          THE COURT:  And also, did you hear and understand

13     the sentence recommendation from the district attorney?

14          DEFENDANT STEELE:  Yes, sir.

15          DEFENDANT LOWERY:  Yes, sir.

16          THE COURT:  And are you in agreement with that

17     recommendation?

18          DEFENDANT STEELE:  Yes, sir.

19          DEFENDANT LOWERY:  Yes, sir.

20          THE COURT:  Okay.  Do you understand you're here

21     this morning to enter a guilty plea?

22          DEFENDANT STEELE:  Yes, sir.

23          DEFENDANT LOWERY:  Yes, sir.

24          THE COURT:  Okay.  Other than the sentence

25     recommendations, has anyone promised you or offered you

1    anything or given you anything in order to have you

2    enter a guilty plea?

3         DEFENDANT LOWERY:  No, sir.

4         DEFENDANT STEELE:  (shaking head negatively)

5         THE COURT:  Has anyone used any force or any threat

6    or force against you to have you enter a guilty plea?

7         DEFENDANT STEELE:  No, sir.

8         DEFENDANT LOWERY:  (shaking head negatively)

9         THE COURT:  Have you -- either of you been asked to

10   read or sign anything in court today that you don't

11   understand?

12        DEFENDANT STEELE:  No, sir.

13        DEFENDANT LOWERY:  No, sir.

14        THE COURT:  Okay.  Are either you under the

15   influence of alcohol, drugs, narcotics, or any

16   medication?

17        DEFENDANT STEELE:  No, sir.

18        DEFENDANT LOWERY:  No, sir.

19        THE COURT:  Okay.  Are you clear-headed about what

20   you're doing in court?

21        DEFENDANT STEELE:  Yes, sir.

22        DEFENDANT LOWERY:  Yes, sir.

23        THE COURT:  Have either of you been treated for a

24   mental illness?

25        DEFENDANT STEELE:  No, sir.

```
 1          DEFENDANT LOWERY:  No, sir.

 2          THE COURT:  Okay.  Well, I assume, because you were

 3     serving felony sentences, you are not eligible for

 4     sentencing under the First Offender Act, but --

 5          MS. SCHWARTZ:  No.

 6          THE COURT:  -- if I'm incorrect, I'd ask the

 7     attornies to tell me.  I just want this on the record --

 8          MS. HENDERSON:  You're correct, Judge.

 9          THE COURT:  -- that it was considered.

10          MR. WADKINS:  Mr. Steele is not eligible.

11          THE COURT:  All right.  Thank you.

12          All right.  Gentlemen, both are you are going to be

13     required to waive your rights under the Fourth Amendment

14     to the United States Constitution while you're on

15     probation.  I want to make sure you understand what that

16     means.

17          Do you each agree as a special condition of

18     probation that you'll submit to a search of your person

19     or property at any time of the day or night, with or

20     without your consent and with or without a search

21     warrant, whenever requested to do so by a law

22     enforcement or a probation officer?  Do you agree?

23          DEFENDANT STEELE:  Yes, sir.

24          DEFENDANT LOWERY:  Yes, sir.

25          THE COURT:  Do you further understand and agree that
```

1    anything that may be found as a result of search a

2    search may be used as evidence against you in any court

3    proceeding; do you understand and agree?

4         DEFENDANT STEELE:  Yes, sir.

5         DEFENDANT LOWERY:  Yes, sir.

6         THE COURT:  Okay.  Mr. Lowery, do you freely and

7    voluntarily admit your guilt to the charges against you?

8         DEFENDANT LOWERY:  Yes, sir.

9         THE COURT:  Do you admit the facts as alleged by the

10   district attorney?

11        THE LOWERY:  Yes, sir.

12        THE COURT:  Do you now wish to enter your plea of

13   guilty to all these charges?

14        DEFENDANT LOWERY:  Yes, sir.

15        THE COURT:  Same questions for you, Mr. Steele.

16        Do you freely and voluntarily admit your guilt to

17   the charges you face?

18        DEFENDANT STEELE:  Yes, sir.

19        THE COURT:  Do you admit the facts as alleged by the

20   district attorney?

21        DEFENDANT STEELE:  Yes, sir.

22        THE COURT:  Do you now wish to enter your guilty

23-  plea?

24        DEFENDANT STEELE:  Yes, sir.

25        THE COURT:  Okay.  Mr. Lowery, you're represented by

15

1  Ms. Susan Henderson who stands here with you this

2  morning.   Have you had enough time to discuss your case

3  with your attorney?

4    DEFENDANT LOWERY:  Yes, sir.

5    THE COURT:  Do you believe that Ms. Henderson has

6  appropriate investigated the charges against you and

7  prepared for this hearing today?

8    DEFENDANT LOWERY:  Yes, sir.

9    THE COURT:  Has she reviewed with you whether you

10  have any possible legal or factual defenses to the

11  charges you face?

12    DEFENDANT LOWERY:  Yes, sir.

13    THE COURT:  Do you believe that Ms. Henderson has

14  done all that any lawyer could reasonably do in

15  counseling and in helping you with these cases?

16    DEFENDANT LOWERY:  Yes, sir.

17    THE COURT:  And are you satisfied with her

18  representation?

19    DEFENDANT LOWERY:  Yes, sir.

20    THE COURT:  Is there anything you'd like to say?

21  DEFENDANT LOWERY:  I just want to keep in mind that

22  I've been locked up 35 months and I've been here like

23-  seven months and two days.

24  MS. HENDERSON:  I explained to him that he'll get

25  credit get for --

16

1       THE COURT:  Right.

2       MS. HENDERSON:  -- those seven months.  He was here

3    on these charges.

4       THE COURT:  All right.  Ms. Henderson is correct.

5    You'll get credit for time served.  That will be up to

6    the executive, the sheriff or the warden, to do that

7    calculation.

8       All right.  Same questions for you, Mr. Steele.  Do

9    you freely and voluntarily admit your guilt to the

10   charges you face?

11      DEFENDANT STEELE:  Yes, sir.

12      THE COURT:  Do you admit the facts as stated by the

13   district attorney?

14      DEFENDANT STEELE:  Yes, sir.

15      THE COURT:  Do you now wish to enter your plea of

16   guilty?

17      DEFENDANT STEELE:  Yes, sir.

18      THE COURT:  All right.  You're represented by

19   Mr. Robert Wadkins, Jr., who stands here with you this

20   morning.  Have you had enough time to discus your case

21   with your attorney?

22      DEFENDANT STEELE:  Yes, sir.

23      THE COURT:  Do you believe that Mr. Wadkins has

24   appropriately investigated the charges against you and

25   prepared for this hearing today?

17

1          DEFENDANT STEELE:  Yes, sir.

2          THE COURT:  Has he reviewed with you whether you

3     have any possible defenses to the charges you face?

4          DEFENDANT STEELE:  Yes, sir.

5          THE COURT:  Okay.  Do you believe that Mr. Wadkins

6     has done all that any lawyer could reasonably do in

7     representing you in these cases?

8          DEFENDANT STEELE:  Yes, sir.

9          THE COURT:  And are you satisfied with his

10    representation?

11         DEFENDANT STEELE:  Yes, sir.

12         THE COURT:  Okay.  Now, some questions for you,

13    Ms. Henderson.

14         MS. HENDERSON:  Yes, Your Honor.

15         THE COURT:  Have you had enough time to prepare for

16    the hearing today?

17         MS. HENDERSON:  I have, Your Honor.

18         THE COURT:  Based upon the time that you've spent in

19    preparation with Mr. Lowery, do you believe that he

20    understands his rights under the Constitution as they

21    apply to these cases?

22         MS. HENDERSON:  I do, Your Honor.

23         THE COURT:  Do you believe that he has and he is

24    making a knowing, intelligent, free and voluntary

25    decision to enter a guilty plea?

1    MS. HENDERSON:  Yes, sir; I do.

2    THE COURT:  Is there anything you would like to say

3    for him other than that the Court follow your rec -- the

4    recommendation?

5    MS. HENDERSON:  Just want to make sure that he was

6    clear about the seven months and also that the two

7    charges that he's pleading guilty to today are

8    concurrent to each other but consecutive to the sentence

9    that he's currently serving in the state prison system.

10   THE COURT:  Okay.  Do you understand what that

11   means, Mr. Lowery?

12   DEFENDANT LOWERY:  Yes, sir.

13   THE COURT:  The cases that I'm going sentence you on

14   in just a moment, they'll -- the sentences will run

15   concurrent or at the same time with each other, but they

16   will not run until you have finished the sentence for

17   the underlying charges or crime that you committed; do

18   you understand that?

19   DEFENDANT LOWERY:  Yes, sir.

20   THE COURT:  Okay.  I have some questions for you,

21   Mr. Wadkins.  Have you had enough time to prepare for

22   the hearing today?

23   MR. WADKINS:  I have, Your Honor.

24   THE COURT:  In the time that you've spent with

25   Mr. Steele in preparation, do you believe that he

1   understands his rights under the Constitution as those

2   rights apply to these charges?

3       MR. WADKINS:  Yes, sir; I do.

4       THE COURT:  Do you believe that he understands his

5   rights under the Constitution as those rights apply to

6   the charges?

7       MR. WADKINS:  Yes, sir.

8       THE COURT:  And do you believe that he is and has

9   made a knowing, intelligent, free and voluntary decision

10  to enter a guilty plea?

11      MR. WADKINS:  I do.

12      THE COURT:  Other than to ask the Court to follow

13  the recommendation, is there anything further you'd like

14  to say on his behalf?

15      MR. WADKINS:  I just would point out that I don't

16  think there's any allegation that Mr. Steele or any of

17  these inmates did anything to forcefully escape or sneak

18  away or deceptive.

19      I think the allegation is that the person who had

20  them in custody allowed them to leave, which he's still

21  culpable for, but I just wanted to put that on the

22  record.  And my client did want me to put on the record

23- that he will get credit for time he has served, and I

24  think the Court's gone over that, and that the -- either

25  the warden or the sheriff of whatever jurisdiction will

1   do the calculation.

2       THE COURT:  But you -- you're entitled to credit for

3   time served, Mr. Steele, and you'll receive that.

4       All right.  We'll go in alphabetical order.  We'll

5   begin with you, Mr. Lowery.

6       The Court finds that you understand the nature of

7   the offenses and the consequences of a guilty plea.  The

8   Court finds that there's a factual basis to support the

9   charges against you and your guilty plea to those

10  charges.  The Court finds that you understand your

11  rights under the Constitution as advised by the Court

12  and also with the assistance of counsel.

13      The Court makes a finding of fact that you have and

14  you are making a knowing, intelligent, free and

15  voluntary decision to enter a guilty plea.  And I'll

16  therefore accept your guilty plea and sentence you in

17  accordance with the recommendation if you and your

18  counsel will now sign the indictment or the accusation

19  as the case may be.

20      MS. HENDERSON:  We signed all documents, Your Honor.

21      THE COURT:  All right.  Thank you.

22      All right.  Mr. Lowery, I accept your guilty plea

23  and I sentence you as follows:  In Case SU-17-CR-0281,

24  Count One, escape after conviction of a felony, five

25  years, 12 months to serve in the custody of the

1    Department of Corrections.

2         Special conditions of probation will be that you

3    report to your probation officer -- or to the probation

4    office, that you perform 80 hours of community service,

5    a $500 fine plus statutory penalties and add-ons, Fourth

6    Amendment waiver, alcohol/drug testing, sign releases so

7    that your medical records can be released to the

8    Department of Community Supervision, undergo an

9    evaluation and treatment for substance abuse.

10        Do you have a high school diploma?

11        DEFENDANT LOWERY:  I have a -- I have a GED, sir.

12        THE COURT:  You do?  okay.

13        Abide by curfew if directed by Community

14   Supervision, provide a DNA sample, avoid use of alcohol

15   and drugs, undergo evaluation for contagious

16   communicable diseases if directed by Community

17   Supervision or the Department of Corrections, do not

18   possess any weapons as that term is defined by O.C.G.A.

19   16-11-125.1.

20        That is your sentence.  Do you understand your

21   sentence?

22        DEFENDANT LOWERY:  Yes, sir.

23        THE COURT:  All right.  You've been convicted and

24   sentenced to confinement.  If you intentionally escape,

25   as you know, from lawful custody or lawful confinement,

1    you could be charged with the additional offense of

2    escape which is punishable by up to ten years; however,

3    if you escape while armed with a dangerous weapon, upon

4    conviction you could be sentenced to a period of up to

5    20 years.  Do you understand that?

6         DEFENDANT LOWERY:  Yes, sir.

7         THE COURT:  All right.  Now, you've also -- I need

8    to advise you that you've been convicted of a felony in

9    Superior Court today and you have a period of four years

10   from the date that your sentence in this court becomes

11   final in which to file a habeas corpus petition if you

12   wish to do so.  Do you understand that?

13        DEFENDANT LOWERY:  Yes, sir.

14        THE COURT:  All right.  Do you possess a license or

15   a permit to carry a weapon?

16        DEFENDANT LOWERY:  No, sir.

17        THE COURT:  You understand you may never possess a

18   firearm?

19        DEFENDANT LOWERY:  Yes, sir.

20        THE COURT:  All right.

21        All right.  Thank you.

22        MS. SCHWARTZ:  Judge, Mr. Lowery had two cases.

23-       THE COURT:  Well

24        MS. HENDERSON:  They should both be up there.

25        MS. SCHWARTZ:  They should both be with you.

1       THE COURT:  So you do.  Okay.  I've got more

2   paperwork up here than usual today.

3       All right.  The next case is SU-16-CR-637.  Now, the

4   03 indicates which judge, so that's not actually part of

5   the case number.  I don't think it's part of the case

6   number.

7       MS. SCHWARTZ:  I'm learning.

8       THE COURT:  Count One, possession of prohibited

9   items by an inmate.  The sentence is five years, serve

10  12 months in the custody of the Department of

11  Corrections.  All the terms and conditions that were

12  pronounced in the other case apply to this one.  And

13  these two cases will run concurrent with one another but

14  consecutive to the underlying case that you were

15  serving.  Okay?

16      DEFENDANT LOWERY:  Yes, sir.

17      THE COURT:  All right.

18      MS. SCHWARTZ:  Thank you, Judge.

19      THE COURT:  Now, I think we have yours completed.

20  And likewise -- likewise, in that case, remember the

21  advisement regarding the consequences of escape and also

22  your right to file a habeas corpus petition if you wish

23  to.

24      DEFENDANT LOWERY:  Yes, sir.

25      THE COURT:  Okay.  Thank you.

1      All right.  Now, moving to Mr. Steele.

2      In Case Number SU-17-CR-0281, Mr. Eugene Lewis

3   Steele, the Court finds that you understand the nature

4   of the charges which you face and the consequences of a

5   guilty plea.  And the Court finds that you understand

6   your rights under the Constitution as those rights apply

7   to these charges.  The Court also finds that there's a

8   factual basis for the charges against you and your plea

9   of guilty to those charges.  And the Court makes a

10  finding of fact that you have and you are making a

11  knowing, intelligent, free and voluntary decision to

12  enter a guilty plea and I'll accept your guilty plea and

13  sentence you in accordance with the recommendation if

14  you and your counsel will now sign the indictment or the

15  accusation.

16      MR. WADKINS:  We have executed the indictment, Your

17  Honor.

18      THE COURT:  All right.  Thank you.

19      That being the case, Mr. Steele, I accept your

20  guilty plea and I sentence you as follows:  Count One,

21  escape after conviction of a felony, five years, 12

22  months to serve in custody of the Department of

23  Corrections.

24      Special conditions of probation will be that you

25  report to the Department of Community Supervision upon

1   your release, 80 hours of community service, a $500 fine
2   plus statutory penalties and add-ons, a waiver of your
3   rights under the Fourth Amendment, alcohol/drug testing
4   and treatment if prescribed, sign a release of your
5   medical records or psychological records for the
6   Department of Community Supervision, undergo evaluation
7   and treatment for substance abuse, abide by a curfew if
8   prescribed by the Department of Community Supervision,
9   provide a DNA sample, avoid use of alcohol and drugs,
10  undergo evaluation for contagious communicable diseases
11  if directed by the Department of Community Supervision,
12  and do not possess any weapons as that term is defined
13  by O.C.G.A. 16-11-125.1.

14      That's the sentence of the Court.  Wait a minute.
15  There's something --

16      That's the sentence of the Court.  Do you have any
17  questions about the sentence?

18      DEFENDANT STEELE:  No, sir.

19      THE COURT:  All right.  You've been convicted of a
20  felony in Superior Court today.  You usually have a
21  period of four years from the date that your sentence in
22  this court becomes final in which to file a habeas
23  corpus petition if you wish to do so.  Do you understand
24  that, sir?

25      DEFENDANT STEELE:  Yes, sir.

1    THE COURT:  All right.  Now, you have been convicted

2    and sentenced to confinement.  If you intentionally

3    escape from lawful custody, you could be charged with

4    the felony offense of escape which is punishable by a

5    period of up to ten years.  If however you escape while

6    armed with a dangerous weapon, upon conviction you could

7    be sentenced to a period of up to 20 years; do you

8    understand that, sir?

9    DEFENDANT STEELE:  Yes, sir.

10   THE COURT:  All right.  Now, you understand you may

11   never possess a firearm; is that correct?

12   DEFENDANT STEELE:  Yes, sir.

13   THE COURT:  And do you by any chance possess a

14   license or a permit to carry a weapon?

15   DEFENDANT STEELE:  No, sir.

16   THE COURT:  All right.  Do you have any questions

17   about what happened today?

18   DEFENDANT STEELE:  No, sir.

19   THE COURT:  All right.  Thank you, sir.  Good luck

20   to you.

21   MR. WADKINS:  And that concludes my business with

22   the Court.

23   THE COURT:  Yes, sir.

24   MR. WADKINS:  Thank you.

25   THE COURT:  And I suppose you'd like to be excused.

1          MR. WADKINS:  Yes, sir.

2          THE COURT:  All right.  That sounds fine.

3          MS. SCHWARTZ:  And, Your Honor, may I make the same

4     request?

5          THE COURT:  Yes, ma'am.

6          MS. SCHWARTZ:  Thank you.

7          THE COURT:  All right.

8                    (proceedings concluded)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    STATE OF GEORGIA

2    COUNTY OF MUSCOGEE

3

4

5                    C E R T I F I C A T E

6

7

8            The forgoing transcript of the proceedings was

9    taken before me as a Certified Court Reporter in and for

10   the State of Georgia and reduced to typewriting under my

11   direction and supervision, and I certify that it is a

12   true and correct transcript to the best of my ability of

13   the proceedings.

14

15

16            This 21st day of July, 2017.

17                                    DocuSigned by:

18

19                                    632C966E40194F5...

20            Peggy A. Little, RPR
             No. B-1718
21            Official Court Reporter
             Chattahoochee Judicial Circuit

22

23

24   PAL

25

29