**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ARMARD LOWERY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:20-cv-443 (MTT)** |
| | ) | |
| **WILLIAM BURSE, in his individual** | ) | |
| **capacity, and John and Jane Does,** | ) | |
| **in their individual capacities,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

The Defendants move to dismiss Plaintiff Armard Lowery's complaint for failure to state a claim.  For the following reasons, that motion (Doc. 8) is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Plaintiff Armard Lowery alleges he was sentenced on November 3, 2013, to three years' incarceration and two years' probation.[1]  Docs. 3 ¶ 6; 14-1 ¶ 6.  During that time, he was charged with—and pleaded guilty to—two additional offenses: one count of possession of prohibited items by an inmate and one count of escape.  Docs. 3 ¶¶ 7-8; 14-1 ¶¶ 7-8.  For those two offenses, he was sentenced to twelve months' imprisonment, to run concurrent with each other but consecutive to the November 2013 sentence.  Docs. 3 ¶ 12; 14-1 ¶ 12.

---

[1] He also alleges he "was to begin probation on June 31, 2017."  Doc. 3 ¶ 6.  It is not clear how that fits with the allegation he was sentenced in November 2013 to three years' incarceration.

Lowery alleges he "complet[ed] his three (3) year term on July 31, 2017." Docs. 3 ¶ 14; 14-1 ¶ 16. He alleges that while he was attending court for his counts of possession of prohibited items and escape—off and on between September 13, 2016 and June 22, 2017—he spent a total of 213 days in jail. Docs. 3 ¶¶ 9-13; 14-1 ¶¶ 9-13. The gravamen of his complaint appears to be that he was confined too long because his 213 days in jail should have been credited to his two one-year sentences.[2] However, he also argues that he should have received 213 days' credit for his possession of prohibited items sentence, but only 16 days for his escape sentence. Docs. 3 ¶ 13; 14-1 ¶ 13. The Court cannot tell from the complaint how the details fit together, but the bottom line appears to be that Lowery thinks he should have been released on July 30, 2018, but was not actually released until November 26, 2018. Docs. 3 ¶¶ 22, 37, 24; 14-1 ¶¶ 24, 39, 26.

Burse was named as a defendant because he responded to a grievance appeal Lowery filed regarding an issue with the Georgia Department of Corrections's ("GDC's") calculation of his release date.

After Burse moved to dismiss, the Court ordered Lowery to file a recast complaint by April 27, 2021 to address several deficiencies:

- Failure to allege what, if any, error GDC made in calculating his sentence. (There were indications it might have been because GDC improperly ran

---

[2] It is confusing. Lowery appears to allege he should have received 213 days' credit for possession of prohibited items, but only 16 days' credit for escape. Doc. 3 ¶ 13. Those two sentences were to run concurrently, and it is not completely clear where the number 119—allegedly the number of days he was confined past his release date—comes from. *See id.* at 2. He also alleges he spent a total of 119 days incarcerated in "Dooley County Prison," but the court cannot tell how that allegation relates, if it does relate, to the allegation he was confined 119 days past his release date. *Id.* ¶ 14.

two of his sentences consecutively, or because they failed to give him credit for time served in jail, but neither theory was specifically pleaded.)

- Failure to allege GDC improperly ran his sentences consecutively

- Failure to allege prison staff improperly refused to give him credit for time served in jail

- Failure to plausibly allege Burse was aware of a risk that Lowery's release date was miscalculated, in part because Lowery did not allege the content of the grievance appeal.[3]

Lowery filed a recast complaint on April 28, 2021.  Docs. 14; 14-1.  The recast complaint makes three changes: (i) it adds two paragraphs repeating preexisting allegations about when he should have been released (¶¶ 14-15), (ii) it adds a description of the contents of an exhibit that was filed with both the original and recast complaints (¶ 20), and (iii) amends Paragraph 26 as follows:

> Consequently, as a result of the Defendant Burse's willful and deliberate indifference of [sic] Mr. Lowery 's [sic] constitutional rights, Mr. Lowey [sic] was wrongfully incarcerated for an additional One Hundred and Nineteen (119) days.  *Specifically, Mr. Burse deliberately ignore [sic] and failed to correct the Plaintiff [sic] the computation report depicted that Mr. lowery [sic] maximum release date was November 26, 2018*.

Doc. 14-1 (emphasis added).  Apart from Paragraph 26, the recast complaint does not address the Court's concerns.

The order to recast noted that after the recast complaint was filed, the Court would "inform the parties whether Defendant Burse's pending motion to dismiss has been mooted" by the recast complaint.  Doc. 13 at 3.  It has not been.  *See Effect of an*

---

[3] The original grievance addressed credit for time served.  Docs. 3 ¶ 15; 14-1 ¶ 17.

*Amended Pleading*, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

## II. MOTION TO DISMISS STANDARD

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive

issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### III. DISCUSSION

The motion argues the complaint fails to state a claim against Burse because "[t]he complaint does not explain Burse's involvement, if any, in calculating Lowery's sentence or maximum release date."  Doc. 8-1 at 2.  The only allegation against Burse is that he responded to one of Lowery's grievances about sentence calculation.  There is nothing in the allegations or the record that indicates what issues Lowery raised and what arguments he made in the grievance appeal.  Rather, Lowery alleges only that he filed a grievance appeal challenging his maximum release date, for unspecified reasons.  Docs. 14-1 ¶ 19; 3-5 at 2.  Even after the amended complaint, the Court still cannot tell whether the complaint proceeds on a theory that Defendant Burse failed to give Lowery credit for jail time served or failed to run his sentences concurrently.  Lowery's pleadings mention both.

The only clue the Court has as to the content of Lowery's grievance and grievance appeal is Burse's appeal response, which addressed credit for time served.  Burse's response indicates Lowery's grievance claimed the prison failed to give credit for time served, but it reveals nothing about the arguments Lowery made.

After his grievance appeal regarding credit for time served was denied, Lowery wrote Burse a letter claiming prison staff failed to run his sentences concurrently.  Doc. 3-7 at 2.  That letter cited specific portions of Lowery's state court transcript that he alleged were inconsistent with the prison's sentence computation.  And based on the

documents Lowery filed, it appears his letter was correct.[4]  It is difficult to conclude that a member of prison staff becomes subjectively aware of a substantial risk of serious harm, for Eighth Amendment purposes, every time an inmate writes him an informal letter flagging a new and ungrieved issue.  Still, Burse's review of the grievance and receipt of the letter, taken together, plausibly allege that Burse "had subjective knowledge of a risk of serious harm, consisting of continued detention when the plaintiff was entitled to be released."  *Alcocer v. Mills*, 906 F.3d 944, 953 (11th Cir. 2018).

Lowery also pleads, in the alternative, that Burse personally miscalculated his sentence.  His only support for that theory comes from Burse's grievance appeal response, which informed him that

> A member of my staff has reviewed your grievance.  You allege that your MRD is incorrect.  This review revealed that according to information obtained from the Sentence Computation Unit, Docket SU16CR637 and Docket SU17CR281 have been reviewed and found to be correct. Although you were sentenced to serve 12 months, you were sentenced on felony charges and unless the Order stated that the time is to be served in the county jail, the sentence should be served in the State Penal System. Docket 2014R-0296 has been reviewed and found to be correct.  You have received all of the jail credit that you are entitled to receive, per the Affidavit of Custodian.  Based on this information, this grievance is denied.

Docs. 3-6 at 2.  That letter strongly suggests that Burse repeated the conclusions of one of his staff members, who relied on the "Affidavit of Custodian" and "information . . . from the Sentence Computation Unit."  It is doubtful that Burse was personally involved in calculating Lowery's sentence.  But as noted above, there are at least minimal factual allegations that Burse had subjective knowledge of a serious risk of over-detention.

---

[4] *See* Docs. 3-4 at 1 (GDC's sentence computation report stating that the sentence from SU17CR281 was to run consecutive to the sentence from SU16CR637); 3-8 at 26 (transcript of state judge's statement that "these two cases [SU17CR281 and SU16CR637] will run concurrent with one another but consecutive to the underlying case that you were serving").  Certainly the complaint's allegations on this issue are less precise than they could have been.

Finally, Burse argues that the claims against the Doe Defendants are subject to dismissal.  Doc. 8-1 at 7.  Lowery did not respond to that argument.  *See generally* Doc. 10.  The Eleventh Circuit has explained that "[a]s a general matter, fictitious party pleading is not permitted in federal court.  [The Court has] created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage."  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quotation marks and citations omitted).  In other words, the plaintiff must "provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served."  *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quotation marks and citation omitted).

The only putative identifying information about the Doe Defendants in the complaint is quoted below:

> Defendants, John and Jane Doe 1-10, served employees at the Georgia Department of Correction, were directly involved in the violation of Plaintiff's constitutional rights.  John and Jane Does 1-10 identities are unknown at this time.  They are sued in their individual capacities.

Doc. 14-1 ¶ 5.  Clearly, that is not sufficient to identify any individuals who can be served.  Also, even if those individuals were identified, that lone paragraph is insufficient to state a claim against any Doe Defendants.  The claims against the Doe Defendants are therefore subject to dismissal.

## IV. CONCLUSION

For the reasons noted, the Defendants' motion to dismiss (Doc. 8) is **GRANTED in part** and **DENIED in part**.  It is **GRANTED** as to the claims against the Doe Defendants, and those claims are **DISMISSED** without prejudice.  However, the motion is **DENIED** as to the claim against Burse.  Those allegations, although nearly

threadbare, do allege a factual basis for a claim against Burse.  The Court continues to harbor doubts about the ultimate viability of Lowery's claim (doubts that have been reinforced by poor pleading and unresponsiveness to the Court's order to recast), but the issues with that claim addressed in the motion to dismiss cannot quite be resolved at this stage.

Because the motion to dismiss has been resolved, the stay on discovery (Doc. 12) is **LIFTED**.

**SO ORDERED**, this 14th day of June, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT