**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ARMARD LOWERY,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:20-cv-443 (MTT)** |
| ) | |
| **WILLIAM BURSE,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

<u>**ORDER**</u>

Plaintiff Armard Lowery—a former inmate within the Georgia Department of Corrections ("GDC")—contends the GDC official charged with supervising prisoner grievance appeals, Defendant William Burse, is responsible for his 119-day over-detention because he failed to adequately investigate Lowery's grievances that claimed his release date was improperly calculated by the GDC.  Doc. 14-1.  Such a situation, Lowery argues in this 42 U.S.C. § 1983 action, constitutes a violation of his Fourteenth Amendment due process rights.  *Id.* ¶¶ 37-42.  Burse now moves for summary judgment.[1]  Doc. 24.  For the following reasons, that motion (Doc. 24) is **GRANTED**.

---

[1] Burse also moved for summary judgment on Lowery's Eighth Amendment claim, which although unartfully pled, appears to stem from a physical assault that occurred during Lowery's 119-day over-detention.  *See* Doc. 14-1 ¶¶ 25, 29-36.  In response, Lowery abandoned his Eighth Amendment claim. Doc. 26 at 13.  Thus, Lowery does not oppose dismissal of his Eighth Amendment claim, and Burse's motion for summary judgment (Doc. 24) as to that claim is **GRANTED**.

# I. BACKGROUND[2]

Burse was the supervisory lead investigator assigned to the GDC's Office of Professional Standards ("OPS") where he oversaw the prisoner grievance appeals process.  Docs. 24-1 ¶¶ 2-4; 26-1 ¶ 3; 26-2 ¶ 10; 28 ¶ 10.  In that capacity, Burse supervised three subordinate investigators assigned to his unit.  Docs. 26-2 ¶¶ 10-11; 28 ¶¶ 10-11.  As a supervisory investigator, inmates did not directly correspond with Burse, and if such correspondence was received, that correspondence would have been immediately forwarded to other GDC personnel charged with responding to inmate inquiries.  Docs. 24-1 ¶ 4; 26-1.

Lowery filed two grievances relevant to this case.  In grievance 247159, Lowery contended his maximum release date was improperly extended because the twelve-month sentences for two additional convictions—both imposed after his original sentence commenced—were to run concurrent to each other, but consecutive with his original sentence.  Docs. 24-1 ¶¶ 6-8; 26-1; 26-2 ¶¶ 3-4, 8; 28 ¶¶ 3-4, 8.  Because Lowery's original sentence maxed out on July 30, 2017, Lowery contended that he was due to be released one year later on July 30, 2018.  Docs. 26-2 ¶¶ 2, 4, 8; 28 ¶¶ 2, 4, 8.  After an investigation, the GDC disagreed and denied the grievance, stating Lowery's

---

[2] Unless otherwise stated, all facts are undisputed.  Lowery, who was at all times represented by counsel, filed both a response to Burse's statement of facts and a separate statement of "additional material facts."  Docs. 26-1; 26-2.  With respect to Lowery's response, he only addressed two of Burse's twenty-nine numbered facts.  Doc. 26-1.  Pursuant to Local Rule 56, those material facts asserted by Burse, "which [Lowery has] not specifically controverted by specific citation to particular parts of materials in the record," are deemed to be admitted.  M.D. Ga. L.R. 56.  However, the Court has still "review[ed] the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact."  *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (citation and quotation marks omitted).  Therefore, if evidence in the record shows that a fact is disputed, the Court draws all justifiable inferences in Lowery's favor for purposes of summary judgment.

maximum release date would remain November 26, 2018.  Docs. 24-1 ¶ 9; 26-1; 26-2 ¶¶ 5-6; 28 ¶¶ 5-6.

Lowery then appealed, and Burse supervised the response to the grievance appeal—it is undisputed that Burse was only involved with the grievance appeal.  Docs. 24-1 ¶ 10; 26-1; 26-2 ¶ 7; 28 ¶ 7.  Even so, the appeal was mostly investigated by Burse's subordinate, who largely relied on information provided by the GDC's sentence computation department.  Docs. 24-1 ¶ 11; 26-1; 26-2 ¶ 13; 28 ¶ 13.  That information indicated Lowery's sentence was correctly calculated, and Burse denied Lowery's grievance on that basis.  Docs. 24-1 ¶ 12; 26-1; 26-2 ¶ 13; 28 ¶ 13.

Lowery filed a second grievance, 269894, which was substantively the same as the first.  Docs. 24-1 ¶ 20; 26-1; 26-2 ¶¶ 15-16; 28 ¶¶ 15-16.  Like the first, Lowery's second grievance was denied, and Lowery appealed.  Docs. 24-1 ¶ 21; 26-1; 26-2 ¶¶ 17-18; 28 ¶¶ 17-18.  Burse once again had a member of his staff investigate, and during that investigation, Burse's subordinate determined Lowery was released.  Docs. 24-1 ¶ 23; 26-1.  Because Lowery was released, the appeal was administratively closed.  Docs. 24-1 ¶ 23; 26-1; 26-2 ¶ 20; 28 ¶ 20.

After Burse and other Doe defendants filed a motion to dismiss, the Court allowed Lowery's claims against Burse to proceed because there were "at least minimal factual allegations that Burse had subjective knowledge of a serious risk of over-detention."  Docs. 8; 16 at 6.  Presumably, Lowery was unable to discover who actually calculated his sentence.  In any event, he did not seek to join that person.  Rather, he only pursues his claim against Burse for his role in the grievance process.  With

Lowery's Eighth Amendment claim abandoned, the only issue that remains is whether Burse was deliberately indifferent to Lowery's due process rights.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alterations in original) (quoting *Celotex*, 477 U.S. at 324). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324).  The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact."  *Id.* (quoting *Anderson*, 477 U.S. at 249-50).  Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may "consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge …. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

Burse argues that Lowery has not shown a violation of his Fourteenth Amendment rights, primarily because Lowery has not established Burse was subjectively aware of Lowery's over detention.  Doc. 24-2 at 11-14.  First, it is worth noting that courts in the Eleventh Circuit have evaluated over-detention claims under both the Fourteenth Amendment right to due process and the Eighth Amendment right to be free from cruel and unusual punishment.  *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (reviewing continued detention beyond proper release date for potential Fourteenth Amendment due process violation); *McCurry v. Moore*, 242 F. Supp. 2d 1167, 1179 (N.D. Fla. 2002) (finding that an over-detention claim by a sentenced prisoner should arise under the Eighth Amendment).  But under either a due process or

Eighth Amendment analysis, the plaintiff must demonstrate deliberate indifference to prevail. *See Alcocer v. Mills*, 906 F.3d 944, 953 (11th Cir. 2018); *West*, 496 F.3d at 1327; *McCurry*, 242 F. Supp. 2d at 1180. Lowery has not done so.

## A. Burse Did Not Act with Deliberate Indifference

For a defendant to be found to have acted with deliberate indifference, the plaintiff must demonstrate: "'(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.'" *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (quoting *Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). For an actor to have subjective knowledge, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). No liability arises for a defendant's "failure to alleviate a significant risk that he should have perceived but did not," and "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted).

Burse never met Lowery; never communicated with Lowery other than through the grievance process; and "never had any awareness that Lowery's sentence was miscalculated."[3] Docs. 24-1 ¶¶ 24, 26-27; 26-1. Rather, Burse relied on his subordinate investigators in preparing his response to Lowery's appeals, and the investigators in turn relied on information provided by the GDC's sentence computation

---

[3] Lowery claims he sent a letter to Burse that explained his concerns regarding the calculation of his sentence. Docs. 24-1 ¶ 15; 24-5; 26-1. But even if such a letter was sent, it is undisputed Burse would not have reviewed the letter's substance because it would have been immediately forwarded to the GDC personnel charged with responding to inmate inquiries. Docs. 24-1 ¶¶ 16-17; 26-1. Thus, the letter is immaterial to the Court's analysis.

department.  Docs. 24-1 ¶ 11; 26-1; 26-2 ¶ 13; 28 ¶ 13.  Lowery presents no evidence that Burse should have perceived that GDC's sentence computation department could have gotten it wrong, and even if he did, that is not enough.  *Burnette*, 553 F.3d at 1331. Nor is it enough that Lowery's mother or other surrogates spoke with other GDC personnel with respect to the miscalculation of his sentence—none of these personnel communicated the information to Burse—and collective knowledge cannot establish deliberate indifference.  Docs. 24-1 ¶ 29; 26-1; *Burnette*, 553 F.3d at 1331.  And while it may be the case that *someone* erred in failing to timely calculate Lowery's sentence, mere error—even if that error had been caused by Burse or his subordinates—is not a basis for a constitutional violation.[4]  Accordingly, Burse's motion for summary judgment on Lowery's over-detention claim is **GRANTED**.[5]

**B. Lowery's Supervisory Liability "Claim" Fails**

In his response, Lowery raises for the first time what could only be a supervisory liability claim.  Doc. 26 at 11-12.  Lowery says that "Burse as the supervisor of his unit, knew or should have been known that Lowery was entitled to release."  *Id.* at 12.  Of

---

[4] The Court doubts whether information conveyed through an administrative grievance, standing alone, is ever sufficient to establish a constitutional claim.  "'In a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated.'"  *Jones v. Schofield*, 2009 WL 902154, at *3 (M.D. Ga. Mar. 30, 2009) (quoting *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999)).  A prisoner has no constitutional right to participate in grievance procedures.  *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).  Thus, to the extent Lowery solely relies on information conveyed in his grievance appeal to support his Fourteenth Amendment over-detention claim, it is doubtful that claim would succeed no matter how egregiously Burse botched the investigation or otherwise ignored the claims raised in Lowery's appeal.

[5] Burse also argues he is entitled to qualified immunity as an alternative ground for dismissal.  Doc. 24-2 at 14-15.  The doctrine of qualified immunity "offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Here, Lowery tried, but failed, to produce evidence of a constitutional violation, and he makes no effort to show Burse's conduct was an intrusion on a "clearly established" right.  Thus, qualified immunity serves an alternative basis for dismissal.

course, Lowery's amended complaint does not allege a supervisory liability claim, but the Court nonetheless addresses the issue. *See* Doc. 14-1.

It is well established that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. DeKalb Cnty., Ga*., 749 F.3d 1034, 1047 (11th Cir. 2014) (citations omitted). "Instead, to hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Id*. at 1047-48. "The necessary causal connection can be established when a history of widespread abuse puts the reasonable supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. at 1048 (cleaned up).

Lowery's supervisory liability attack on Burse fails for the same reasons his underlying deliberate indifference claim fails—he has not pointed to evidence that Burse or any of his subordinates were subjectively aware of his over-detention.[6] Because supervisory liability claims fail absent a violation of the plaintiff's constitutional rights by

---

[6] A supervisor is not "personally involved" in a constitutional violation merely because he or she fails to respond to complaints from a prisoner. *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

a subordinate, Lowery's supervisory liability "claim," if it did exist, would fail.  *See*

*Beshers v. Harrison*, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007).

## IV. CONCLUSION

For the reasons noted, Burse's motion for summary judgment (Doc. 24) is

**GRANTED**.

**SO ORDERED**, this 1st day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT